### MEDLEY v SEITER

Ohio Appeals, 1st Dist, Hamilton, Co
No. 3773.    Decided Feb 9, 1931

G. S. Hawke, Cincinnati, for Medley.
DeCamp, Sutphin & Brumleve, Cincinnati, for Seiter.

**ROSS, PJ.**

It is contended by the defendant that he owed no duty to the plaintiff.

A landlord owes no duty to a tenant to repair the leased premises in the absence of contractual obligation or statute. **Goodall v Deters, 121 Oh St, 432, 435:**

"This court, in the case of **Shinkle, Wilson & Kreis Co. v Birney & Seymour, 68 Oh St, 328, 67 N.E., 715,** stated the law in the syllabus as follows: "The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired."

"This case has been approved and followed in the cases of **Stackhouse v Close, 83 Oh St, 339, 94 N.E., 746, and Marqua v Martin, 109 Oh St 56, 141, N.E., 654.**"

The petition is indefinite and ambiguous and would have been subject to motion to make definite and certain. Such motion was waived by the demurrer, and we must take the petition as we find it, construing its language most favorably to the plaintiff.

There is a distinct allegation that the ceiling was under the sole control of the landlord, although it is also alleged that the lessor leased the apartment which would have presumably included the ceiling. It must be borne in mind also that the plaintiff is not the lessee. The landlord certainly owes a duty to keep that portion of the premises over which he reserves control in such reasonable repair as will not injure those rightfully thereon. **Davies, etc. v Kelley, 112 Oh St, 122, 126, 127.**

While it is difficult for the court to conceive of a state of facts justifying the allegations of the petition as to sole control by the landlord of the ceiling, which manifestly must have been used as a ceiling by the tenant, we can not escape the definite allegations of the petition eliminating this case from those cases where the premises are under the dominion of the tenant.

The demurrer to the petition should have been overruled.

The judgment will be reversed, and the cause remanded to the Court of Common Pleas with instructions to overrule the demurrer.

HAMILTON and CUSHING, JJ, concur.